UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| MARK GRAHAM, | ) | |
| | ) | |
| Petitioner | ) | |
| | ) | |
| v. | ) | 2:20-cv-00315-JDL |
| | ) | |
| STATE OF MAINE, | ) | |
| | ) | |
| Respondent | ) | |

**RECOMMENDED DECISION**

Petitioner seeks habeas relief pursuant to 28 U.S.C. § 2241. (Petition, Supplemental Petition, Second Supplemental Petition, ECF Nos. 1, 2, 5.) Petitioner, a pretrial detainee in the Cumberland County Jail on state court charges, contends that he is being held in custody in violation of his due process rights and his right to a speedy trial.

A federal district court must dismiss a habeas corpus petition if it appears from the petition that the petitioner is not entitled to relief. Rules Governing Section 2254 Cases, Rule 1(b) (authorizing the application of section 2254 rules to other habeas actions) and Rule 4 (requiring dismissal "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court"); *McFarland v. Scott*, 512 U.S. 849, 856 (1994) ("Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face . . . .").

Following the required review, I recommend that the Court dismiss the petition.

## DISCUSSION

First, to the extent Petitioner seeks to assert a habeas corpus petition to secure his release from pretrial detention, *Younger v. Harris*, 401 U.S. 37 (1971), generally mandates abstention from the exercise of jurisdiction when a petitioner seeks relief in federal court from ongoing state criminal proceedings. *See Sprint Communications, Inc. v. Jacobs*, 571 U.S. 69, 78 (2013) (noting that *Younger* "preclude[s] federal intrusion into ongoing state criminal prosecutions"); *In re Justices of Superior Court Dept. of Mass. Trial Court*, 218 F.3d 11, 16 (1st Cir. 2000) ("The federal courts have long recognized the 'fundamental policy against federal interference with state criminal proceedings.'" (quoting *Younger*, 401 U.S. at 46)). Under *Younger*, federal courts must abstain from interfering in state court proceedings "when the moving party has an adequate remedy at law and will not suffer irreparable injury if denied equitable relief." 401 U.S. at 43-44.

The elements of mandatory abstention consist of the following: "(1) the [state] proceedings are judicial (as opposed to legislative) in nature; (2) they implicate important state interests; and (3) they provide an adequate opportunity to raise federal constitutional challenges." *Bettencourt v. Bd. of Registration in Med. of Commonwealth of Mass.*, 904 F.2d 772, 777 (1st Cir. 1990).

The criminal proceedings alleged in the petition are judicial in nature, implicate important state interests associated with the State's administration of its laws, afford Petitioner an adequate opportunity to raise federal constitutional challenges, and allow Petitioner to advocate for pretrial release on the same grounds he would cite in this Court. Abstention, therefore, is presumptively appropriate. Indeed, "[c]ourts have consistently

applied the *Younger* doctrine to dismiss habeas claims by pretrial detainees based on excessive bail, claims of actual innocence, or due process violations, absent bad faith, harassment, or [other] extraordinary circumstances." *Enwonwu v. Mass. Superior Court, Fall River*, No. 1:12-cv-10703-DJC, 2012 WL 1802056, at *3 n. 7, 2012 U.S. Dist. Lexis 68192, at *9-10 n.7 (D. Mass. May 16, 2012). Petitioner has not plausibly alleged any facts that would constitute the extraordinary circumstances necessary to overcome the presumption for abstention. *See e.g.*, *Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 491 (1973) (permitting a § 2241 pretrial petition to proceed when state court repeatedly ignored speedy trial requests on a three-year-old indictment). Accordingly, abstention is appropriate in this case.

Similarly, exhaustion principles preclude Petitioner from proceeding in this Court at this time. Petitioner essentially asks the Court to intervene in an ongoing state court proceeding. While 28 U.S.C. § 2241 is the relevant statute for challenging the constitutionality of pretrial detention, *see*, *e.g.*, *Hartfield v. Osborne*, 808 F.3d 1066, 1071 (5th Cir. 2015); *Klein v. Leis*, 548 F.3d 425, 430 n.4 (6th Cir. 2008), "the exhaustion requirement of [28 U.S.C. § 2254][1] 'has developed through decisional law in applying principles of comity and federalism as to claims brought under 28 U.S.C. § 2241.'" *Oppong v. Evangelidis*, 2016 WL 1163905, at *3 (D.Mass. Feb. 29, 2016) (quoting

---

[1] 28 U.S.C. § 2254 provides that "a state prisoner must exhaust available state remedies before presenting his claim to a federal habeas court. § 2254(b)(1)(A). The exhaustion requirement is designed to avoid the 'unseemly' result of a federal court 'upset[ting] a state court conviction without' first according the state courts an 'opportunity to . . . correct a constitutional violation.'" *Davila v. Davis*, 137 S. Ct. 2058, 2064 (2017) (quoting *Rose v. Lundy*, 455 U.S. 509, 518 (1982)).

*Schandelmeier v. Cunningham*, 819 F.2d 52, 53 (3d Cir. 1986)); *see also*, *Braden*, 410 U.S. at 489–92 (applying exhaustion principles to a § 2241 pretrial petition).

Here, insofar as Petitioner challenges decisions of the state trial court in an existing criminal matter, Petitioner clearly has not exhausted the available state court remedies for any of the claims he asserts in this action. *See Berube v. Warden, Downeast Corr. Facility*, No. 1:13-CV-00299-GZS, 2014 WL 2117350, at *3–5 (D. Me. May 21, 2014) (analyzing the exhaustion and procedural default doctrines in the context of a challenge to state court probation revocation proceedings); *Ford v. Merrill*, No. CIV. 04-150-B-W, 2005 WL 81609, at *2–6 (D. Me. Jan. 13, 2005) (same). Although Petitioner alleges there have been delays in the state court revocation proceedings, he has not shown that the delays amount to "an absence of available State corrective process" or that the state process is "ineffective to protect the rights of the applicant" as required by the statute and the exhaustion principles announced by the Supreme Court.

In sum, Petitioner has not asserted an actionable claim under 28 U.S.C. § 2241.[2]

---

[2] Petitioner also alleges "inmate abuse." Prisoners ordinarily challenge the conditions of their confinement in civil rights actions pursuant to 42 U.S.C. § 1983, but habeas petitions under 28 U.S.C. § 2241 might also provide an avenue for relief. *See Gomes v. US Dep't of Homeland Sec., Acting Sec'y*, No. 20-CV-453-LM, 2020 WL 3258627, at *2–3 (D.N.H. June 16, 2020) (discussing split of authority and summarizing First Circuit cases). In this case, Petitioner has mostly made general conclusory assertions, which would not support a claim. *Garcia-Catalan v. United States*, 734 F.3d 100, 103 (1st Cir. 2013) (court need not credit conclusory legal allegations); *Young v. Wells Fargo Bank, N.A.*, 717 F.3d 224, 231 (1st Cir. 2013) ("conclusory allegations that merely parrot the relevant legal standard"). Petitioner's claim regarding a nationwide conspiracy to harass and abuse Petitioner, including by altering the water at the jail, for which claim he alleged more facts, is not plausible. *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007) (complaint must include "enough facts to state a claim to relief that is plausible on its face"); *Denton v. Hernandez*, 504 U.S. 25, 33 (1992) ("[A] finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them"); *Flores v. U.S. Atty. Gen.*, No. 2:13-CV-00053-DBH, 2013 WL 1122719, at *2 (D. Me. Feb. 26, 2013).

## CONCLUSION

Based on the foregoing analysis, I recommend the Court dismiss Petitioner's petition for relief under 28 U.S.C. § 2241.

## **NOTICE**

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum within fourteen (14) days of being served with a copy thereof.  .

Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 5th day of October, 2020.